UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRIDGEWATER COMMUNITY
ASSOCIATION, INC.,

    Defendant.

## COMPLAINT

Plaintiff, UNITED STATES OF AMERICA ("USA"), by and through its undersigned counsel sues Defendant, BRIDGEWATER COMMUNITY ASSOCIATION, INC., ("BRIDGEWATER") and alleges as follows:

### JURISDICTION AND PARTIES

1. This is a civil action arising under the Constitution, laws, or treaties of the United States, and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 et seq. for the purposes of determining a question of actual controversy between the parties.

2. This action is brought by the United States on behalf of the Secretary of the Department of Housing and Urban Development (HUD) and has been brought to vindicate the sovereign rights and pecuniary interests of HUD.

3. Defendant, Bridgewater Community Association, Inc. ("BRIDGEWATER"), is a

Florida not-for-profit corporation operating within Pasco County, Florida such that the Court has personal jurisdiction over BRIDGEWATER.

## VENUE

4.     Venue is proper in this Court as the cause of action accrued in Pasco County Florida, which is within the Middle District of Florida, pursuant to 28 U.S.C. §1391(b).

## FACTS COMMON TO ALL COUNTS

5.     The Defendant Association is the entity charged with the maintenance and operation of the Bridgewater community in Pasco County, Florida. It operates pursuant to Florida Statutes Chapter 720 and is governed by its Declaration of Covenants and Restrictions for BRIDGEWATER ("Declaration"), its Bylaws, Articles of Incorporation, and any amendments thereto.

6.     The Declaration for BRIDGEWATER was recorded on October 7, 2003 in the Official Records of Pasco County, Florida Book 5574, Page 934 and contains a provision titled "Assessments" which provides in pertinent part:

> 15.16 Subordination of the Lien to Mortgages. The lien for Assessments shall be subordinate to bona fide first mortgages held by a Lender on any Home, if the mortgage is recorded in the Public Records prior to the Claim of Lien. **The lien for Assessments shall not be affected by any sale or transfer of a Home, except in the event of a sale or transfer (by deed in lieu of foreclosure or otherwise) of a Home pursuant to a foreclosure of a bona fide first mortgage, in which event, the acquirer of title, its successors and assigns, shall not be liable for Assessments encumbering the Home or chargeable to the former Owner of the Home which became due prior to such sale or transfer. However, any such unpaid Assessments for which such acquirer of title is not liable may be reallocated and assessed to all Owners (including such acquirer of title) as a part of Operating Costs included within Installment Assessments.** Any sale or transfer pursuant to a foreclosure (by deed in lieu of foreclosure or otherwise) shall not relieve the Owner from liability for, nor the Home from the lien of, any Assessments made thereafter. Nothing herein contained shall be construed as releasing the party liable for any delinquent Assessments from the payment thereof, or the enforcement of collection by means

other than foreclosure. A Lender shall give written notice to Association if the mortgage held by such Lender is in default. Association shall have the right, but not the obligation, to cure such default within the time periods applicable to Owner. In the event Association makes such payment on behalf of an Owner, Association. shall, in addition to all other rights reserved herein, be subrogated to all of the rights of the Lender. All amounts advanced on behalf of an Owner pursuant to this Section shall be added to Assessments payable by such Owner with appropriate interest.

Section 15.16 of the Declaration is attached hereto as Exhibit "A" (emphasis added).

7. As owner of real property situated within the Bridgewater Community, HUD and BRIDGEWATER are parties to the Declaration and are bound by same.

8. On December 8, 2005, Wells Fargo Bank, N.A. issued a mortgage which encumbered property located at 31132 Masena Drive, Wesley Chapel, Florida 33544, legally described as:

> Lot 11, Block 10, BRIDGEWATER PHASE 1 and 2, according to the Plat thereof as recorded in Plat Book 48, Page 110, of the Public Records of Pasco County, Florida, and any subsequent amendments thereto.

("PROPERTY"). The PROPERTY is located within BRIDGEWATER.

9. The mortgage was recorded on December 30, 2005 in the Official Records of Pasco County Florida in Book 6773 at Page 353.

10. On February 12, 2010, Wells Fargo Bank, N.A. obtained a foreclosure judgment as to its mortgage and the PROPERTY was sold at foreclosure auction where Wells Fargo Bank, N.A. was the successful bidder.

11. On May 26, 2010, a Certificate of Title was issued to Wells Fargo Bank, N.A. such that it became the owner of the PROPERTY as a result of the foreclosure. A copy of the Certificate of Title was recorded in the Official Records of Pasco County Book 8343, Page 6 and is attached hereto as Exhibit "B".

12. The aforementioned mortgage was guaranteed by HUD and on June 17, 2010

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL 33134
TELEPHONE (305) 262-4433

HUD took title to the PROPERTY via Special Warranty Deed. A copy of the Special Warranty Deed was recorded in the Official Records of Pasco County Book 8356, Page 928 and is attached hereto as Exhibit "C."

13. Since taking title to the PROPERTY, HUD has been attempting to sell same and entered in to a contract for the sale of PROPERTY to another party.

14. On July 1, 2011 in response to an estoppel request[1] sent by HUD, BRIDGEWATER, through counsel, sent an Estoppel Certificate with a payoff of $10,181.64. A copy of the Estoppel Certificate is attached hereto as Exhibit "D."

15. The Estoppel Certificate sought to collect assessments and other amounts owed against the PROPERTY prior to Wells Fargo taking title on May 26, 2010 as well as legal fees and costs, accrued interest, and a variety of other undocumented charges.. The property is subject to **annual** assessments of $250 per year, rather than monthly or quarterly assessments

16. On September 27, 2011, in response to another estoppel request sent by HUD, BRIDGEWATER, through counsel, sent an Estoppel Certificate with a payoff of $12,677.27. A copy of that Estoppel Certificate is attached hereto as Exhibit "E."[2]

17. BRIDGEWATER through its Estoppel Certificate has asserted that HUD is liable for paying all assessments which accrued against the PROPERTY prior to May 26, 2010 when Wells Fargo took title, along with all interest, late fees, attorney fees, and other charges chargeable as to the assessment delinquency and the legal fees and costs which BRIDGEWATER incurred in collection attempts from the prior owner.

18. In the instant case, BRIDGEWATER'S Declaration was in effect since 2003 and

---

[1] An estoppel is a certificate signed by an officer or authorized agent of the association stating all assessments and other moneys owed to the association by the parcel owner or mortgagee with respect to the parcel. Florida Statutes §720.30851 authorizes an estoppel certificate and contains a procedure for obtaining one.
[2] While HUD does not dispute its obligation to pay regularly accruing assessments, it does dispute the unauthorized charges Defendant is seeking.

thus Wells Fargo became a third party beneficiary of the Declaration when it issued its mortgage on December 8, 2005.

19. The Estoppel Certificate in contravention of the Declaration, does not reallocate the amounts due prior to Wells Fargo taking title. Rather, Defendant seeks to collect those amounts from the post-foreclosure owner of the PROPERTY (i.e., HUD).

20. In taking title from Wells Fargo, HUD was provided the same protection by the Declaration and is therefore

   a. not liable for any assessments which accrued against the PROPERTY prior to May 26, 2010 when Wells Fargo took title;

   b. not liable for any interest or late fees which BRIDGEWATER claims entitlement to for any assessments which accrued against the PROPERTY prior to May 26, 2010 when Wells Fargo took title;

   c. not liable for any legal fees or costs which BRIDGEWATER claims entitlement to for any efforts to collect assessments which Wells Fargo and HUD are not responsible for paying;

   d. not liable for any non-litigation fees and costs incurred by BRIDGEWATER; and

   e. only liable for assessments, interest, and late fees which accrued against the PROPERTY after May 26, 2010 when Wells Fargo took title, in the amount of approximately $500.00 through March 21, 2012, including interest.

21. USA has engaged the undersigned attorney and has agreed to pay the attorney a reasonable fee and seeks recovery of said fee as part of this action.

## COUNT I - DECLARATORY RELIEF

22. USA reasserts and incorporates by reference the allegations contained in

Paragraphs 1 through 21, as though fully set forth herein.

23. A dispute has arisen between USA and BRIDGEWATER as to whether HUD is liable for any assessments, interest, late fees, legal fees or costs and non-litigation fees and costs which accrued prior to Wells Fargo taking title on May 26, 2010 and what is HUD's liability, if any, to BRIDGEWATER.

24. An actual existing and bona fide controversy exists between USA and BRIDGEWATER as to whether HUD is liable for any assessments, interest, late fees, legal fees or costs and non-litigation fees and costs which accrued prior to May 26, 2010 when Wells Fargo took title; and as such the rights and obligations of the parties can be determined only by a declaratory judgment.

25. This is an appropriate action for a declaratory judgment, as authorized by Title 28 U.S.C.§2201, because an actual controversy, as more fully described herein, has arisen and now exists between the USA and BRIDGEWATER concerning their respective rights and obligations, USA is suffering actual and threatened harm by virtue of the actions of the BRIDGEWATER.

WHEREFORE, Plaintiff, USA, prays

a. That this Court enter a judgment declaring

1. That HUD is not liable for assessments, late fees, legal fees and costs which accrued against the PROPERTY prior May 26, 2010 when Wells Fargo took title;

2. That HUD is not liable for legal fees and costs which BRIDGEWATER claims it incurred following Wells Fargo taking title given BRIDGEWATER incurred these legal fees and costs by attempting to

recover funds it was not owed and refusing to remedy their error;

3. That HUD is only liable for assessments, interest, and late fees which accrued against the PROPERTY after May 26, 2010 when Wells Fargo took title, in the approximate amount of $500.00 through and including March 21, 2012;

4. That any purchaser of the PROPERTY from HUD is only liable for those assessments, interest and late fees which accrue against the PROPERTY from the date the purchaser takes title forward.

b. That this Court award the USA such other and further relief as the Court deems just and proper.

## COUNT II – TORTIOUS INTERFERENCE WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP

26. USA reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 21, as though fully set forth herein.

27. HUD entered into at least one contract for the sale of the PROPERTY.

28. BRIDGEWATER knew that HUD was selling the property and yet intentionally and unjustifiably interfered with the sale of the PROPERTY by not issuing a correct estoppel certificate.

29. As a result of BRIDGEWATER'S actions HUD has suffered a pecuniary loss in the form of additional carrying costs for the PROPERTY and depreciated fair market value and legal fees and costs.

WHEREFORE, Plaintiff, USA, prays

a. That this Court enter a judgment finding BRIDGEWATER tortiously interfered with USA's advantageous business relationship;

b. That this Court award USA damages and its costs;

c. That this Court award USA such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT

30. USA reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 21, as though fully set forth herein.

31. BRIDGEWATER'S demand that HUD owes assessments, interest, legal fees and and costs prior to May 26, 2010 when Wells Fargo took title violates Article 15.16 of the Declaration.

32. Article 15.18 of the Declaration for BRIDGEWATER provides an award of attorneys' fees to BRIDGEWATER if it brings suit to collect assessments. Florida Statute § 57.105(7) makes said provision reciprocal. Additionally, Article 19.6 provides an award of attorneys' fees to the prevailing party in litigation regarding a violation of the Declaration. Finally, Florida Statute § 720.305(1) provides for an award of attorneys' fees to the prevailing party in disputes regarding the governing documents and Florida Statutes Chapter 720. A copy of Article 15.18 is attached as part of Exhibit "A" and a copy of Article 19.6 is attached hereto as Exhibit "F".

33. USA has retained the undersigned attorney and has agreed to pay the attorney a reasonable fee for the services rendered on this issue.

WHEREFORE, Plaintiff, USA, prays

a. That this Court enter judgment in favor of USA finding that BRIDGEWATER violated its own governing documents and determine the actual amount HUD owes for maintenance.

b.  That this Court enter judgment awarding costs and legal fees pursuant to §720.305, Fla. Stat. (2011) and the Declaration;

c.  That this Court award the USA such other relief as the Court may deem just and equitable.

Dated: <u>May 14, 2012</u>

                              Respectfully Submitted,

                              BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232

By: <u>s/ Steven M. Davis</u>
Steven M. Davis, Esq.
Florida Bar No. 894249
SDavis@becker-poliakoff.com