UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                          Case No.: 8:12-cv-01087-JSM-TGW

BRIDGEWATER COMMUNITY
ASSOCIATION, INC.,

     Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**AS TO COUNT I OF PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant, BRIDGEWATER COMMUNITY ASSOCIATION, INC., by and through its

undersigned attorney, answers Count I of Plaintiff's Complaint as follows:

1.     Defendant admits the allegations contained in Paragraph 1 of Plaintiff's

Complaint for jurisdictional purposes only.

2.     Defendant is without sufficient information to either admit or deny the allegations

in Paragraph 2 of Plaintiff's Complaint and therefore denies same and demands strict proof

thereof.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Defendant is without sufficient information to either admit or deny the allegations

in Paragraph 7 of Plaintiff's Complaint and therefore denies same and demands strict proof

thereof.

1

8.      Admitted.

9.      Admitted.

10.     Defendant is without sufficient information to either admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

11.     Admitted.

12.     Defendant is without sufficient information to either admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

13.     Defendant is without sufficient information to either admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Denied.

20.     This Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint including sub-parts (a), (b), (c), (d), and (e) of said Paragraph and demands strict proof thereof.

21.     Defendant is without sufficient information to either admit or deny the allegations in Paragraph 21 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

## COUNT I
## DECLARATORY RELIEF

22.     Defendant repeats and reiterates its responses to Paragraphs 1 through 21 above, as if fully set forth herein.

23.     Admitted.

24.     Denied.

25.     This Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint including sub-parts (a) (1), (a) (2), (a) (3), (a) (4), and (b) of said Paragraph and demands strict proof thereof.

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff lacks standing, this action should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail against Defendant because it was fulfilling its duties as required by law and its governing documents.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff breached its obligations pursuant to Defendant's governing documents thereby excusing any further performance by the Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing this action, in whole or in part, because there was and is no privity of contract between Plaintiff and Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing this action because there is no causal connection or relationship between the alleged actions or inactions of Defendant and Plaintiff's alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused, in whole or in part, by Plaintiff's own fault, and therefore Plaintiff may not recover, or any recovery, must be reduced proportionately by Plaintiff's own fault.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking recovery for any alleged damages to the extent it has previously released or compromised such claims.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant denies Plaintiff was harmed by any alleged act or omission of Defendant.

## NINTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by or on behalf of Plaintiff from other non-parties to this action, with respect to the alleged damages alleged by the Complaint. Defendant is entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff, or to any entity acting on Plaintiff's behalf, from any collateral sources.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and/or indispensible parties.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing this action because of the doctrines of laches, waiver, estoppel, and/or unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

All alleged acts on behalf of Defendant were in compliance with applicable statutes and its governing documents, and therefore, any recovery by Plaintiff is barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are barred, in whole or in part, by the economic loss doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing this action because it breached the Association's Declaration, prior to any alleged breach by the Association, by failing to comply with a condition precedent, providing the Association with written notice of default pursuant to Section 15.16 of the Declaration, and is thus barred from seeking any recovery pursuant to the Declaration against the Association.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant specifically reserves the right to amend its answer by adding defenses as additional facts are obtained.

WHEREFORE, Defendant prays that judgment be entered in its favor on the Plaintiff's claims and that it be awarded its reasonable attorneys' fees and costs incurred in defending this action pursuant to Article 15.18 of the Defendant's Declaration of Covenants and Restrictions and Florida Statute § 720.305(1).

## DEFENDANT/COUNTER-PLAINTIFF, BRIDGEWATER COMMUNITY ASSOCIATION, INC.'s, COUNTERCLAIM FOR DECLARATORY RELIEF AGAINST PLAINTIFF/COUNTER-DEFENDANT

COMES NOW the Defendant/Counter-Plaintiff, BRIDGEWATER COMMUNITY ASSOCIATION, INC., by and through its undersigned attorney, and hereby files this Counterclaim for Declaratory Relief against Plaintiff/Counter-Defendant and states as follows:

## INTRODUCTION

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 et seq.

for the purposes of determining the rights of the parties pursuant to Defendant's Declaration.

## PARTIES AND JURISDICTION

2.      Defendant/Counter-Plaintiff, Bridgewater Community Association, Inc. ("the

Association") is a Florida not-for-profit corporation operating pursuant to Florida Statutes

Chapter 720 and is governed by its Declaration of Covenants and Restrictions ("Declaration"),

its Bylaws, Articles of Incorporation, and any amendments thereto.

3.      Plaintiff/Counter-Defendant is the United States of America, acting on behalf of

the United States Department of Housing and Urban Development ("HUD")

4.      This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1345.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b).

## BACKGROUND

6.      The Association's Declaration was recorded on October 7, 2003 and contains a

section titled "Assessments" which provides in pertinent part:

> **15.16 <u>Subordination of the Lien to Mortgages</u>**. The lien for Assessments
> shall be subordinate to bona fide first mortgages held by a Lender on any
> Home, if the mortgage is recorded in the Public Records prior to the Claim
> of Lien. The lien for Assessments shall not be affected by any sale or
> transfer of a Home, except in the event of a sale or transfer (by deed in
> lieu of foreclosure or otherwise) of a Home pursuant to a foreclosure of a
> bona fide first mortgage, in which event, the acquirer of title, its
> successors and assigns, shall not be liable for Assessments encumbering
> the Home or chargeable to the former Owner of the Home which became
> due prior to such sale or transfer. However, any such paid Assessments for
> which such acquirer of title is not liable may be reallocated and assessed
> to all Owners (including such acquirer of title) as a part of Operating Costs
> included within Installment Assessments. Any sale or transfer pursuant to
> a foreclosure (by deed in lieu of foreclosure or otherwise) shall not relieve
> the Owner from liability for, nor the Home from the lien of, any

Assessments made thereafter. Nothing herein contained shall be construed as releasing the party liable for any delinquent Assessments from the payment thereof, or the enforcement of collection by means other than foreclosure. **A Lender shall give written notice to Association if the mortgage held by such Lender is in default. Association shall have the right, but not the obligation, to cure such default within the time periods applicable to Owner. In the event Association makes such payment on behalf of an Owner, Association shall, in addition to all other rights reserved herein, be subrogated to all of the rights of the Lender. All amounts advanced on behalf of an Owner pursuant to this Section shall be added to Assessments payable by such Owner with appropriate interest.**

7.      On December 8, 2005, Wells Fargo Bank, N.A. issued a mortgage, which was recorded on December 30, 2005, encumbering property ("the property") located at 31132 Masena Drive, Wesley Chapel, Florida 33544, legally described as:

> Lot 11, Block 10, BRIDGEWATER PHASE 1 and 2, according to the Plat thereof as recorded in Plat Book 48, Page 110, of the Public Records of Pasco County, Florida, and any subsequent amendment thereto. See attached **Exhibit "A"**.

8.      On February 12, 2010, Wells Fargo Bank, N.A. ("Wells Fargo") obtained a foreclosure judgment as to its mortgage and the property was sold at a foreclosure sale where Wells Fargo Bank, N.A. was the successful bidder.

9.      Prior to foreclosing on the property, Defendant failed to provide the Association with written notice that the property was in default and an opportunity to cure the default.

10.     On May 26, 2010, a Certificate of Title was issued to Wells Fargo Bank, N.A. See attached **Exhibit "B"**.

11.     The underlying mortgage on the property was guaranteed by HUD and on June 17, 2010, HUD took title to the property via a Special Warranty Deed.  See attached **Exhibit "C"**.

12.     On July 1, 2011, the Association sent HUD an Estoppel Certificate, pursuant to Florida Statutes Chapter 720 and the Declaration, for unpaid assessments, costs and other amounts owed against the property[1].   See attached **Exhibit "D"**.

13.     On September 27, 2011, the Association sent HUD a second Estoppel Certificate, pursuant to Florida Statutes Chapter 720 and the Declaration, with a payoff of $12,677.27.  See attached **Exhibit "E"**.

14.     Plaintiff's Complaint alleges that the Estoppel Certificate is in contravention of the Declaration and that it is not liable for the unpaid assessments and other costs because it is a post-foreclosure owner of the property.

15.     Contrary to Plaintiff's claims, the Declaration is clear and unambiguous on its face with regard to liens for Assessments via a sale or transfer of property.

16.     In drafting its Declaration, the Association included a provision which stated that "the lien for Assessments shall not be affected by any sale or transfer of a Home."

17.     However, the Declaration provides an exception in the "event of a sale or transfer (by deed in lieu of foreclosure or otherwise) of a Home pursuant to a foreclosure of a bona fide first mortgage, in which event, the acquirer of title, its successors and assigns, shall not be liable for Assessments encumbering the Home or chargeable to the former Owner of the Home which became due prior to such sale or transfer."

18.     Nonetheless, before a subsequent purchaser could claim the exception, and not be liable for the Assessments pursuant to a foreclosure sale, the Association purposely included language in the Declaration that gives it "the right, but not the obligation, to cure such default

---

[1] Florida Statutes, § 720.3082 provides "when authorized by the governing documents, the association has a lien on each parcel to secure the payment of assessments and other amounts provided by this section."

within the time periods applicable to Owner."  As such, the Declaration provides that "A Lender shall give written notice to Association if the mortgage held by such Lender is in default."

19.     By failing to provide the Association with notice of default, and their breach of the Declaration, Plaintiff waived its right to claim the exception and not be liable for any assessments which accrued prior to May 26, 2010 when Wells Fargo took title to the property.

## COUNT I – DECLARATORY RELIEF

20.     Defendant/Counter-Plaintiff incorporates by reference Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.     Defendant/Counter-Plaintiff's Declaration entitles it to assess a lien for unpaid Assessments against all subsequent acquirers of title, its successors and assigns, as provided in its Declaration.

22.     Plaintiff/Counter-Defendant, as a third-party beneficiary to the Declaration, was obligated to provide written notice to the Association in the event the mortgage is in default in order to give the Association the opportunity to cure such default within the time applicable to the Owner.

23.     Pursuant to Section 203.602 of Title 24 of the Code of Federal Regulations ("CFR") titled "Housing and Urban Development" the Association was entitled to received notice of the default "… no later than the end of the second month of any delinquency in payments under the mortgage."

24.     Plaintiff/Counter-Defendant failed to provide notice to the Association of the default, as it was obligated to do pursuant to the Declaration, and instituted a foreclosure action against the Owner.

25.    Because Plaintiff/Counter-Defendant failed to meet the condition precedent of providing notice to the Association prior to instituting a foreclosure action, the Association is entitled to assess its lien for unpaid Assessments against any subsequent owners including HUD.

26.    The Association has attempted to collect the unpaid Assessments, as well as other monies owed, to it by providing HUD with numerous Estoppel Certificates as required by Chapter 720.30851, Florida Statutes.

27.    HUD has failed to pay the Association for the unpaid Assessments, and other monies owed to the Association, for which it is liable.

28.    As a consequence of the foregoing, there exists a justiciable controversy as to whether HUD is liable for the unpaid Assessment fees, and other costs, accruing prior to Wells Fargo taking title to the property.

<u>**DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**</u>

WHEREFORE, Defendant/Counter-Plaintiff, Bridgewater Community Association, Inc., prays for judgment as follows:

A.    Finding that the Association has not violated the terms of the Declaration;

B.    Finding that HUD is liable for assessments, late fees, legal fees and costs which accrued against the property prior to May 26, 2010 when Wells Fargo took title;

C.    Finding that HUD is liable for legal fees and costs which the Association has incurred byattempting to recover funds it was entitled to after Wells Fargo took title to the property.

D.    Awarding the Association its costs, expenses, and reasonable attorneys' fees pursuant to Article 15.18 of the Declaration and Florida Statute § 720.305(1); and

E.    Awarding such other relief as the Court deems just and appropriate.

10

Dated June 29, 2012.

/s/ Mitchell L. Feldman
MITCHELL L. FELDMAN, ESQUIRE
Florida Bar No. 0080349
FELDMAN, FOX & MORGADO P.A.
501 North Reo Street
Tampa, Florida 33609
Tele: (813) 639-9366
Fax: (813) 639-9376
E-mail: MFeldman@ffmlawgroup.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing Notice of Appearance was filed electronically.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's system.

/s/ Mitchell L. Feldman
MITCHELL L. FELDMAN, ESQUIRE
Florida Bar No. 0080349

4847-0478-7728, v. 1