**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No: 8:12-cv-1087-T-30TGW

BRIDGEWATER COMMUNITY
ASSOCIATION, INC.

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (Dkt. #14) and Plaintiff's Response in Opposition (Dkt. #15). The Court having considered the motion and memoranda of law submitted by the parties, and being otherwise fully advised, concludes the Motion to Dismiss should be denied.

**BACKGROUND**

The following facts are drawn from the allegations of Plaintiff's Complaint (Dkt. #1), which the Court accepts as true for the purpose of this motion only.

On May 16, 2012, Plaintiff, the United States of America, brought an action on behalf of the Secretary of the Department of Housing and Urban Development (HUD) to determine the amount of assessments HUD owes pursuant to its ownership interest in property within the Bridgewater Community. Defendant, Bridgewater Community

Association, Inc., is a Florida not-for-profit organization that operates as a homeowners' association pursuant to Florida Statutes Chapter 720. Bridgewater is governed by its Declaration of Covenants and Restrictions, Bylaws, Articles of Incorporation, and Amendments thereto.

HUD raises three legal claims. Count I seeks declaratory relief. Count II alleges tortious interference with an advantageous business relationship. Count III alleges breach of contract. HUD's claims stem from its post-foreclosure ownership of property within the Bridgewater Community.

On December 8, 2005, Wells Fargo Bank, N.A. issued a mortgage, which was recorded on December 30, 2005, encumbering property located at 31132 Masena Drive, Wesley Chapel, Florida 33544. This mortgage was guaranteed by HUD.

On February 10, 2010, Wells Fargo obtained a foreclosure judgment as to its mortgage. The property was sold at a foreclosure auction where Wells Fargo was the successful bidder. A certificate of title was issued to Wells Fargo on May 26, 2010, and Wells Fargo became the owner of the property.

On June 17, 2010, HUD took title to the property by special warranty deed. Since that date, HUD has been attempting to sell the property and entered into at least one contract for its sale.

On July 1, 2011, in response to an estoppel request sent by HUD, Bridgewater sent an estoppel certificate with a payoff of $10,181.64. On September 27, 2011, in response

to another estoppel request sent by HUD, Bridgewater sent an estoppel certificate with a payoff of $12,677.27.

Bridgewater has asserted that HUD is liable for paying all assessments which accrued against the property prior to May 26, 2010, when Wells Fargo took title, along with interest, late fees, attorney fees, and other charges related to collection attempts from the prior owner.

Article 15.16 of Bridgewater's Declaration provides:

> <u>Subordination of the Lien to Mortgages.</u> The lien for Assessments shall be subordinate to bona fide first mortgages held by a Lender on any Home, if the mortgage is recorded in the Public Records prior to the Claim of Lien. The lien for Assessments shall not be affected by any sale or transfer of a Home, except in the event of a sale or transfer (by deed in lieu of foreclosure or otherwise) of a Home pursuant to a foreclosure of a bona fide first mortgage, in which event, the acquirer of title, its successors and assigns, shall not be liable for Assessments encumbering the Home or chargeable to the former Owner of the Home which became due prior to such sale or transfer. However, any such unpaid Assessments for which such acquirer of title is not liable may be reallocated and assessed to all Owners (including such acquirer of title) as a part of Operating Costs included within Installment Assessments. Any sale or transfer pursuant to a foreclosure (by deed in lieu of foreclosure or otherwise) shall not relieve the Owner from liability for, nor the Home from the lien of, any Assessments made thereafter. Nothing herein contained shall be construed as releasing the party liable for any delinquent Assessments from the payment thereof, or the enforcement of collection by means other than foreclosure. A Lender shall give written notice to Association if the mortgage held by such Lender is in default. Association shall have the right, but not the obligation, to cure such default within the time periods applicable to Owner. In the event Association makes such payment on behalf of an Owner. Association shall, in addition to all other rights reserved herein, be subrogated to all of the rights of the Lender. All amounts advanced on behalf of an Owner pursuant to this Section shall be added to Assessments payable by such Owner with appropriate interest.

The Declaration has been in effect since 2003, and Wells Fargo became a third party beneficiary when it issued its mortgage on December 8, 2005. In taking title from Wells Fargo, HUD was provided with the same protection by the Declaration.

Bridgewater's present Motion to Dismiss alleges that Count II should be dismissed because HUD failed to state a claim for tortious interference and that Count III should be dismissed because there was no breach of contract as a matter of law.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12 (b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11 th Cir. 2003). In order to survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief' that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

**Count II:**

Bridgewater argues that HUD fails to state a claim for tortious interference with an advantageous business relationship.

The elements for a cause of action for tortious interference with an advantageous business relationship are: (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship. *Tamiami Trail Tours, Inc. v. Cotton*, 463 So.2d 1126, 1127 (Fla. 1985).

Bridgewater argues that a mere offer to sell does not, by itself, support a claim for tortious interference, citing *Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc.*, 361 So.2d 769 (Fla. 4th DCA 1978). The court in *Lake Gateway Motor Inn* found that "a valid advantageous business relationship may exist without the presence of an actual enforceable contract," but "there must be some attendant legal rights." *Id.* at 771-72. The "mere offer to sell a business which the buyer says he will consider" was not enough to form "legal rights which bind the buyer or anyone else with whom he deals." *Id.* at 772. The instant case is different from *Lake Gateway Motor Inn* because HUD does not allege a mere offer to sell, but rather alleges that they had entered into a contract for sale of the property. Paragraph 27 of the complaint specifically states that "HUD entered into at least one contract for the sale of the property." (Dkt. #1).

Bridgewater also argues, without citing any authority, that an individual consumer or purchaser of a home is not an entity that HUD would have a business relationship with. The National Housing Act provides that the Secretary of the Department of Housing and Urban Development "may sell real […] property acquired by the Secretary […] on such terms and conditions as the Secretary may prescribe." 12 U.S.C.A. § 1710(g). Nothing supports the contention that HUD is unable to enter into a business relationship with a party contracting to purchase property that HUD is selling.

In addition, Bridgewater contends that the complaint fails to claim that Bridgewater interfered with an advantageous business relationship, or that HUD was damaged as a result of the breach of the relationship. However, Paragraph 28 of the complaint alleges that Bridgewater was aware HUD was selling the property and claims that Bridgwater intentionally and unjustifiably interfered with the sale of the property by not issuing a correct estoppel certificate. (Dkt. #1). Paragraph 29 further alleges that HUD suffered pecuniary loss in the form of additional carrying costs for the property, depreciated fair market value, legal fees, and costs. (Dkt. #1).

HUD alleges sufficient facts to state a claim for tortious interference with an advantageous business relationship. Accordingly, Count II should not be dismissed.

**Count III:**

Bridgewater argues that Count III of the complaint should be dismissed because Bridgewater did not breach the Declaration as a matter of law.

The elements for a breach of contract claim require (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).

The Declaration of Covenants and Restrictions is a contract. *See Pepe v. Whispering Sands Condo. Association, Inc.*, 351 So. 2d 755, 757 (Fla. 2d DCA 1977). The complaint alleges that Bridgewater is governed by its Declaration, which includes Article 15.16 "Subordination of the Lien to Mortgages," and was recorded on October 7, 2003. (Dkt. #1), ¶¶ 5-6. The complaint continues, in Paragraph 7, that as an owner of real property in the Bridgewater Community, HUD and Bridgewater "are parties to the Declaration and are bound by same." (Dkt. #1).

HUD claims that Bridgewater breached the contract by violating Article 15.16. Paragraph 31 of the complaint specifically alleges that "Bridgewater's demand that HUD owes assessments, interest, legal fees and costs prior to May 26, 2010[,] when Wells Fargo took title[,] violates Article 15.16 of the Declaration." (Dkt. #1).

The relief HUD seeks from this Court is an order determining its actual liability for the assessments and recovery of its costs and legal fees. Complaint (Dkt. #1), ¶ 33.

In its Motion to Dismiss, Bridgewater argues that it did not commit any breach of the Declaration, but rather, HUD breached the Declaration and waived its right to relief. (Dkt. #14), p. 7. These are arguments that may be raised in a motion for summary judgment. HUD, however, alleges sufficient facts to state a claim for breach of contract,

as is required to defeat a motion to dismiss. Accordingly, Count III should not be dismissed.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (Dkt #14) is DENIED.

*signature*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12-cv-1087 mtd 14.doc