UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No.: 8:12-cv-01087-JSM-TGW

BRIDGEWATER COMMUNITY
ASSOCIATION, INC.,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, BRIDGEWATER COMMUNITY ASSOCIATION, INC., by and through its undersigned attorney, answers Counts II and III of Plaintiff's Complaint as follows:

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint for jurisdictional purposes only.

2. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 2 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

1

8. Admitted.

9. Admitted.

10. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

11. Admitted.

12. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

13. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Denied.

20. This Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint including sub-parts (a), (b), (c), (d), and (e) of said Paragraph and demands strict proof thereof.

21. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 21 of Plaintiff's Complaint and therefore denies same and demands strict proof thereof.

## COUNT I
## DECLARATORY RELIEF

22. Defendant repeats and reiterates its responses to Paragraphs 1 through 21 above, as if fully set forth herein.

23. Admitted.

24. Denied.

25. This Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint including sub-parts (a) (1), (a) (2), (a) (3), (a) (4), and (b) of said Paragraph and demands strict proof thereof.

## COUNT II
## TORTIOUS INTERFERENCE WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP

26. Defendant repeats and reiterates its responses to Paragraphs 1 through 21 above, as if fully set forth herein.

27. Denied.

28. Denied.

29. This Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint including sub-parts (a), (b), and (c) of said Paragraph and demands strict proof thereof.

## COUNT III
## BREACH OF CONTRACT

30. Defendant repeats and reiterates its responses to Paragraphs 1 through 21 above, as if fully set forth herein.

31. Denied.

32. Admitted.

33. This Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint including sub-parts (a), (b), and (c).

## FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff lacks standing, this action should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint must fail against Defendant because Defendant was fulfilling its duties as required by law and its governing documents by issuing an Estoppel Certificate to Plaintiff for unpaid assessments and costs.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff breached its obligations pursuant to Defendant's governing documents by failing to provide written notice that the mortgage held by the lender was in default thereby excusing any further performance by the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing this action, in whole or in part, because there was and is no privity of contract between Plaintiff and Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing this action because there is no causal connection or relationship between the alleged actions or inactions of Defendant and Plaintiff's alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused, in whole or in part, by Plaintiff's own fault, and therefore Plaintiff may not recover, or any recovery, must be reduced proportionately by Plaintiff's own fault.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking recovery for any alleged damages to the extent it has previously released or compromised such claims.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by or on behalf of Plaintiff from other non-parties to this action, with respect to the alleged damages alleged by the Complaint. Defendant is entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff, or to any entity acting on Plaintiff's behalf, from any collateral sources.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all necessary and/or indispensible parties.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing this action pursuant to the doctrine of laches because it failed to assert its claim in a timely fashion by delaying to file its claim for approximately one (1) year after it became aware of the assessments against it thereby causing material prejudice to the Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is equitably estopped from bringing this action because it failed to provide written notice of default and its intent to foreclose on the subject property to the Defendant, in violation of Section 15.16 of the Defendant's Declaration, and the Defendant reasonably relied upon Plaintiff's action, to its detriment, to assert that it is owed unpaid assessments and other costs.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing this action because it waived any legal rights it had to claim that it is not liable for unpaid assessments and costs assessed against it by the Defendant by failing to provide written notice to the Defendant that the mortgage held by the Plaintiff was in default as it was required to do pursuant to Section 15.16 of the Defendant's Declaration.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing this action pursuant to the doctrine of unclean hands because the Plaintiff has violated Section 15.16 of the Defendant's Declaration and has no grounds to obtain relief by alleging that the Defendants is in violation of the Declaration.

## FOURTEENTH AFFIRMATIVE DEFENSE

All alleged acts on behalf of Defendant were in compliance with applicable statutes and its governing documents, and therefore, any recovery by Plaintiff is barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are barred, in whole or in part, by the economic loss doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from pursuing this action because it breached the Association's Declaration, prior to any alleged breach by the Association, by failing to provide the Association with written notice of default pursuant to Section 15.16 of the Declaration, and is thus barred from seeking any recovery pursuant to the Declaration against the Association.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant specifically reserves the right to amend its answer by adding defenses as additional facts are obtained.

WHEREFORE, Defendant prays that judgment be entered in its favor on the Plaintiff's claims and that it be awarded its reasonable attorneys' fees and costs incurred in defending this action pursuant to Article 15.18 of the Defendant's Declaration of Covenants and Restrictions and Florida Statute § 720.305(1).

Dated October 24, 2012.

> */s/ Mitchell L. Feldman*
> MITCHELL L. FELDMAN, ESQUIRE
> Florida Bar No. 0080349
> FELDMAN MORGADO P.A.
> 501 North Reo Street
> Tampa, Florida 33609
> Tele: (813) 639-9366
> Fax: (813) 639-9376
> E-mail: MFeldman@ffmlawgroup.com
> Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing Notice of Appearance was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> /s/ Mitchell L. Feldman
> MITCHELL L. FELDMAN, ESQUIRE
> Florida Bar No. 008034

4823-5607-1441, v. 1