GERALDINE R. HOLLOWAY
*Attorney-At-Law*
P.O. Box 7096
Tampa, Florida 33673
813-238-8839
grh@grhpalaw.com

September 27, 2011

Sharon M. Swain
Associate Regional Counsel
U.S. Dept. of Housing & Urban Development
909 S.E. 1st Avenue, Rm. 500
Miami, FL 33131-3042

Re:   *31132 Masena Drive, Wesley Chapel, Florida*

Dear Ms. Swain:

I notice you did not quote the entire subordination provision found in Article 15.16 of the Declaration for Bridgewater. The remaining language imposes an affirmative duty on Lenders claiming the benefit of subordination. In plain and unambiguous language, Article 15.16 provides: **A Lender shall give written notice to Association if the mortgage held by such Lender is in default. Association shall have the right but not the obligation, to cure such default within the time periods applicable to Owner.** (Emphasis supplied). Referring to the recorded mortgage for the "time periods applicable to Owner," paragraph 9(d) incorporates the Regulations of the HUD Secretary applicable to defaults and acceleration of the debt. Among those Regulations is the Delinquency Notice required by 24 CFR, Section 203.602 which must be given no later than the end of the second month of any delinquency in payments under the mortgage and the notice required by Section 203.606 which must be given prior to initiating a foreclosure action.

"Restrictions found within a Declaration are afforded a strong presumption of validity, and a reasonable unambiguous restriction will be enforced according to the intent of the parties as expressed by the clear and ordinary meaning of its terms...." *Coral Lakes* at p. 584. The Bridgewater Declaration is not ambiguous. It unambiguously provides that the Association's lien relates back to the date the Covenants were recorded and binds the original owner and their successors. The Subordination provision clearly requires the Lender to give the Association notice of default and an opportunity to cure before it files a foreclosure action. It was certainly reasonable for the Association to condition subordination of its lien on notice of default and an opportunity to cure.

The Association has no record of receiving a notice of default for this property prior to initiation of the foreclosure action. Thus, in accordance with the Declaration the current owner is


EXHIBIT E COMPOSITE

Sharon M. Swain
September 27, 2011
Page Two

responsible for all assessments associated with the property. Pursuant to Article 15.18, the current owner is also responsible for all costs and expenses of collection, including attorneys' fees and paraprofessional fees, at all levels of proceedings. The Association has incurred legal fees in connection with this response to your dispute. Pursuant to Article 15.2.5 those fees have been assessed to the account as individual assessments and a revised estoppel statement accompanies this letter.

Sincerely,

GERALDINE R. HOLLOWAY
*Attorney-At-Law*

Enclosure

cc: Bridgewater Community Association, Inc.

GERALDINE R. HOLLOWAY
Attorney-At-Law
P.O. Box 7096
Tampa, Florida 33673
813-238-8839
Email: grh@grhpalaw.com

TO: Sharon M. Swain, Esquire
FROM: Geraldine R. Holloway
REFERENCE: 31132 Mascna, Wesley Chapel, FL  DATE: September 27, 2011

---

**WARNING – ITEMS LISTED AS OPEN VIOLATIONS ARE SUBJECT TO CURE AND ASSESSMENT OF COSTS WITHOUT FURTHER NOTICE. ESTIMATED COSTS ARE PROVIDED FOR INFORMATIONAL PURPOSES AND MAY CHANGE. OPEN VIOLATIONS MUST BE RELEASED BY THE ASSOCIATION, IN WRITING.**

Following is an UPDATED statement of the violations, if any, account balance and charges associated with conveyance of the referenced property as of the above date. **BALANCE MUST BE VERIFIED 24 HOURS PRIOR TO CLOSING.**

| | |
|---|---:|
| Lien | $ 184.00 |
| 2008 Q4 Assessments | $ 92.00 |
| 2009 Quarterly Assessments – 2 @ $168.00 | $ 336.00 |
| 2009 Quarterly Assessments – 2 @ $70.00 | $ 140.00 |
| 2010 Annual Assessment | $ 280.00 |
| 2011 Annual Assessment | $ 250.00 |
| 10/15/08 Special Assessment Installment | $ 125.00 |
| 11/15/08 Special Assessment Installment | $ 125.00 |
| Late fees 11 @ $25.00 | $ 275.00 |
| Individual Assessments | |
|   Forced lawn service x 6 | $ 600.00 |
|   Mulch planters & beds | $ 150.00 |
|   Mailbox replacement | $ 600.00 |
|   Legal fees/lien | $ 505.00 |
|   Repaint structure | $ 2,500.00 |
|   Power wash drive & walks | $ 350.00 |
|   Legal fees/collection | $ 210.00 |
|   Restore/mulch beds & planters | $ 550.00 |
|   Remove/replace dead sod | $ 1,000.00 |
| Association inspection fee | $ 75.00 |
| Accrued Interest | $ 1,355.27 |
| Association Transfer Fee - Foreclosure | $ 250.00 |
| Association Capital Contribution Fee - Foreclosure | $ 400.00 |
| Association Transfer Fee – WF to FNMA | $ 250.00 |
| Association Capital Contrib – WF to FNMA | $ 400.00 |
| Association Transfer Fee – Sale | $ 250.00 |
| Association Capital Contribution Fee – Sale | $ 400.00 |
| Attorney's fees/release of lien | $ 250.00 |
| Estoppel Fee | $ 250.00 |
| Estoppel Certificate Fee | $ 50.00 |
| 720.3085 legal response x 3 | $ 800.00 |
| Payment | $ (325.00) |
| **TOTAL** | **$12,677.27** |

Page One of Two

## OPEN VIOLATIONS

Repair/repaint garage door panel                $ 1,800.00

      Checks issued should be payable to "Geraldine R. Holloway Trust Account" and forwarded to my office, along with a copy of the deed.

Sincerely,


GERALDINE R. HOLLOWAY


*This is an estoppel certificate provided pursuant to Florida Statute solely for the use of the individual or entity to which it is addressed*

The information contained in this transmission may be attorney privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication may be strictly prohibited by law. If you have received this communication in error, please notify us at the above stated telephone number.