

THIS INSTRUMENT PREPARED BY:

PATRICIA KIMBALL FLETCHER, ESQ.
PATRICIA KIMBALL FLETCHER, P.A.
DUANE MORRIS LLP
200 SOUTH BISCAYNE BLVD., SUITE 3400
MIAMI, FLORIDA 33131



2003188544

Rcpt: 722653     Rec: 460.50
DS: 0.00         IT: 0.00
10/07/03                  Dpty Clerk

JED PITTMAN, PASCO COUNTY CLERK
10/07/03 04:34pm   1   of  102
OR BK 5574   PG 934

# DECLARATION
# FOR
# BRIDGEWATER

## TABLE OF CONTENTS

Page

1.    Recitals ............................................................................................................................. 2

2.    Definitions ........................................................................................................................ 2

3.    Plan of Development ........................................................................................................ 6

4.    Amendment ....................................................................................................................... 6

    4.1    General Restrictions on Amendments ................................................................... 6
    4.2    No Vested Rights .................................................................................................. 7
    4.3    Amendments Prior to and Including the Turnover Date ....................................... 7
    4.4    Amendments After the Turnover Date .................................................................. 7

5.    Annexation and Withdrawal ............................................................................................. 7

    5.1    Annexation by Developer ...................................................................................... 7
    5.2    Annexation by Association .................................................................................... 7
    5.3    Withdrawal ............................................................................................................ 7

6.    Dissolution ........................................................................................................................ 8

    6.1    Generally ............................................................................................................... 8
    6.2    Applicability of Declaration after Dissolution ..................................................... 8

7.    Binding Effect and Membership ....................................................................................... 8

    7.1    Term ...................................................................................................................... 8
    7.2    Transfer ................................................................................................................. 8
    7.3    Membership and Voting Rights ............................................................................ 9
    7.4    Ownership by Entity ............................................................................................. 9
    7.5    Voting Interests .................................................................................................... 9
    7.6    Document Recordation by Owners Prohibited ..................................................... 9



EXHIBIT

F

Bridgewater
Declaration
10/6/03

| | | | |
|---|---|---|---|
| 7.7 | Conflicts | | 9 |
| 8. | Paramount Right of Developer | | 9 |
| 9. | Operation of Common Areas | | 9 |
| | 9.1 | Prior to Conveyance | 9 |
| | 9.2 | Construction of Common Areas Facilities | 9 |
| | 9.3 | Use of Common Areas by Developer | 10 |
| | 9.4 | Conveyance | 10 |
| | | 9.4.1 Generally | 10 |
| | | 9.4.2 Form of Deed | 10 |
| | 9.5 | Operation After Conveyance | 11 |
| | 9.6 | Paved Common Areas | 11 |
| | 9.7 | Delegation and Managers | 11 |
| | 9.8 | Use | 11 |
| | | 9.8.1 Nonexclusive Use | 12 |
| | | 9.8.2 Right to Allow Use | 12 |
| | | 9.8.3 Obstruction of Common Areas | 12 |
| | | 9.8.4 Assumption of Risk | 12 |
| | | 9.8.5 Owner's Obligation to Indemnify | 12 |
| | 9.9 | Rules and Regulations | 12 |
| | | 9.9.1 Generally | 12 |
| | | 9.9.2 Developer Not Subject to Rules and Regulations | 13 |
| | 9.10 | Public Facilities | 13 |
| | 9.11 | Default by Another Owner | 13 |
| | 9.12 | Special Taxing Districts | 13 |
| | 9.13 | Water Mains | 13 |
| | 9.14 | Association's Obligation to Indemnify | 13 |
| | 9.15 | Site Plans and Plats | 14 |
| 10. | Bridgewater Community Development District | | 14 |
| | 10.1 | Generally | 14 |
| | 10.2 | Creation of the District | 14 |
| | 10.3 | District Assessments | 14 |
| | 10.4 | Common Areas and Facilities Part of District | 15 |
| | 10.5 | Facilities Owned by District | 15 |
| 11. | Maintenance by Association | | 15 |
| | 11.1 | Common Areas | 15 |
| | 11.2 | District Facilities | 15 |
| | 11.3 | Adjoining Areas | 15 |
| | 11.4 | Negligence | 15 |
| | 11.5 | Right of Entry | 15 |
| | 11.6 | Maintenance of Property Owned by Others | 16 |
| 12. | Use Restrictions | | 16 |
| | 12.1 | Alterations and Additions | 16 |
| | 12.2 | Animals | 16 |
| | 12.3 | Artificial Vegetation | 16 |
| | 12.4 | Cars and Trucks | 16 |
| | | 12.4.1 Parking | 16 |
| | | 12.4.2 Repairs and Maintenance of Vehicles | 17 |
| | | 12.4.3 Prohibited Vehicles | 17 |
| | 12.5 | Casualty Destruction to Improvements | 17 |
| | 12.6 | Commercial Activity | 17 |

15.15   Creation of the Lien and Personal Obligation.  Each Owner, by acceptance of a deed or instrument of conveyance for the acquisition of title to a Home, shall be deemed to have covenanted and agreed that the Assessments, and/or other charges and fees set forth herein, together with interest, late fees, costs and reasonable attorneys' fees and paraprofessional fees at all levels of proceedings including appeals, collections and bankruptcy, shall be a charge and continuing lien in favor of Association encumbering the Home and all personal property located thereon owned by the Owner against whom each such Assessment is made. The lien is effective from and after recording a Claim of Lien in the Public Records stating the legal description of the Home, name of the Owner, and the amounts due as of that date, but shall relate back to the date that this Declaration is recorded. The Claim of Lien shall also cover any additional amounts which accrue thereafter until satisfied. Each Assessment, together with interest, late fees, costs and reasonable attorneys' fees and paraprofessional fees at all levels including appeals, collections and bankruptcy, and other costs and expenses provided for herein, shall be the personal obligation of the person who was the Owner of the Home at the time when the Assessment became due, as well as the Owner's heirs, devisees, personal representatives, successors or assigns.

15.16   Subordination of the Lien to Mortgages.  The lien for Assessments shall be subordinate to bona fide first mortgages held by a Lender on any Home, if the mortgage is recorded in the Public Records prior to the Claim of Lien. The lien for Assessments shall not be affected by any sale or transfer of a Home, except in the event of a sale or transfer (by deed in lieu of foreclosure or otherwise) of a Home pursuant to a foreclosure of a bona fide first mortgage, in which event, the acquirer of title, its successors and assigns, shall not be liable for Assessments encumbering the Home or chargeable to the former Owner of the Home which became due prior to such sale or transfer. However, any such unpaid Assessments for which such acquirer of title is not liable may be reallocated and assessed to all Owners (including such acquirer of title) as a part of Operating Costs included within Installment Assessments.  Any sale or transfer pursuant to a foreclosure (by deed in lieu of foreclosure or otherwise) shall not relieve the Owner from liability for, nor the Home from the lien of, any Assessments made thereafter.  Nothing herein contained shall be construed as releasing the party liable for any delinquent Assessments from the payment thereof, or the enforcement of collection by means other than foreclosure. A Lender shall give written notice to Association if the mortgage held by such Lender is in default.  Association shall have the right, but not the obligation, to cure such default within the time periods applicable to Owner.  In the event Association makes such payment on behalf of an Owner, Association shall, in addition to all other rights reserved herein, be subrogated to all of the rights of the Lender. All amounts advanced on behalf of an Owner pursuant to this Section shall be added to Assessments payable by such Owner with appropriate interest.

15.17   Acceleration.  In the event of a default in the payment of any Assessment, Association may accelerate the Assessments then due for up to the next ensuing twelve (12) month period.

15.18   Non-Payment of Assessments.  If any Assessment is not paid within fifteen (15) days (or such other period of time established by the Board) after the due date, a late fee of $25.00 per month (or such greater amount established by the Board), together with interest in an amount equal to the maximum rate allowable by law (or such lesser rate established by the Board), per annum, beginning from the due date until paid in full, may be levied.   The late fee shall compensate Association for administrative costs, loss of use of money, and accounting expenses. Association may, at any time thereafter, bring an action at law against the Owner personally obligated to pay the same, and/or foreclose the lien against the Home, or both. Association shall not be required to bring such an action if it believes that the best interests of Association would not be served by doing so.  There shall be added to the Assessment all costs expended in preserving the priority of the lien and all costs and expenses of collection, including attorneys' fees and paraprofessional fees, at all levels of proceedings, including appeals, collection and bankruptcy.  No Owner may waive or otherwise escape liability for Assessments provided for herein by non-use of, or the waiver of the right to use the Common Areas or by abandonment of a Home.

15.19   Exemption.  Notwithstanding anything to the contrary herein, neither Developer, the District, nor any Home or property owned by Developer shall (unless specified to the contrary by Developer in a separate written instrument) be responsible for any Assessments of any nature or any portion of the Operating Costs. Developer, at Developer's sole option, may pay Assessments on Homes owned by it, or fund the Deficit, if any, as set forth in Section 15.8 herein. In addition, the Board shall have the right to exempt any portion of Bridgewater subject to this Declaration from the Assessments, provided that such portion of Bridgewater exempted is used (and as long as it is used) for any of the following purposes: