UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Case No.: 8:12-cv-01087-JSM-TGW

BRIDGEWATER COMMUNITY
ASSOCIATION, INC.,

    Defendant.
_____/

## DECLARATION OF MARK SPECTOR

I, Mark Spector, declare the following facts under penalty of perjury pursuant to 28 U.S.C. §1746 and Section 92.525, Florida Statutes:

1. My name is Mark Spector and the information contained herein is based upon my own personal knowledge.

2. I am over the age of 18.

3. I am a member of the Board of Directors and President of Bridgewater Community Association Inc., ("Bridgewater"). I have held those positions since 2005.

4. As President of Bridgewater, I am acquainted with all aspects of the operations of the Community, including budgets, regular assessments, violation procedures and charges, collection procedures and issuance of estoppel certificates.

5. The Declaration for Bridgewater was recorded October 7, 2003 in O.R. Book 5574, page 934 of the public records of Pasco County, Florida.

6. Article 15.15 of the Declaration provides that all assessments and other charges, including interest, late fees, costs and reasonable attorney's fees shall be a continuing lien in

1

favor of Bridgewater and that such lien relates back to the October 7, 2003 recording date of the Declaration.

7. Article 15.15 further provides that all assessments and other charges, including interest, late fees, costs and reasonable attorney's fees are the personal obligation of the person who was the owner at the time the charges became due, as well as their successors.

8. Article15.16 of the Declaration requires that written notice of an owner's default under their mortgage be provided to Bridgewater before a mortgage foreclosure action is commenced.

9. I have personal knowledge of the assessments and other charges, including interest, late fees, costs and reasonable attorney's fees related to the property located at 31132 Masena Drive, Wesley Chapel, Florida, ("the Property").

10. I have personal knowledge of all correspondence and other communications related to the Property.

11. The mortgage on the Property ultimately foreclosed by Wells Fargo was recorded September 29, 2004 in O.R. Book 6044, page 1632 of the public records of Pasco County, Florida.

12. The mortgage on the Property was recorded after the Declaration for Bridgewater was recorded.

13. On March 6, 2008 Wells Fargo filed an action in the Circuit Court of Pasco County, Florida seeking to foreclose its mortgage on the Property.

14. Bridgewater was not provided written notice that the owner had defaulted on their mortgage before the mortgage foreclosure action was filed as required by Article 15.16 of the Declaration.

15. Bridgewater was not given an opportunity to cure the owner's default which it had the right to do pursuant to Article 15.16 of the Declaration.

16. On February 12, 2010, Wells Fargo obtained a final judgment of mortgage foreclosure. The foreclosure sale was held on April 13, 2010 and Wells Fargo was the successful bidder.

17. On April 15, 2010, Wells Fargo conveyed its interest in the property to the Secretary of Housing and Urban Development, ("HUD"), by special warranty deed.

18. On May 26, 2010, a Certificate of Title was issued to Wells Fargo.

19. On June 17, 2010 the special warranty deed conveying the property to HUD was recorded in the public records of Pasco County, Florida.

20. Thereafter, Bridgewater received a request for issuance of an estoppel certificate and subsequently issued a certificated dated July 1, 2011. A true and correct copy of the certificate is attached to this Declaration as Exhibit "A".

21. The estoppel certificate dated July 1, 2011 accurately reflected all unpaid assessments and other charges, including interest, late fees, costs and reasonable attorneys fees assessed to the Property as of that date. It also included a transfer fee, capital contribution and release fee that would have been due upon conveyance of the Property.

22. On September 27, 2011, Bridgewater a second estoppel certificate was issued. A true and correct copy of the certificate is attached to this Declaration as Exhibit "B".

23. The estoppel certificate dated September 27, 2011 accurately reflected all unpaid assessments and other charges, including interest, late fees, costs and reasonable attorneys fees assessed to the Property as of that date. It also included a transfer fee, capital contribution and release fee that would have been due upon conveyance of the Property.

24. Unpaid assessments and other charges, including interest, late fees, costs and reasonable attorneys fees assessed to the Property prior to its conveyance to HUD were included in the estoppel certificates dated July 1, 2011 and September 27, 2011 because Bridgewater was not provided written notice that the owner had defaulted on their mortgage and given an opportunity to cure the default before a mortgage foreclosure action was filed as required by Article 15.16 of the Declaration.

25. Bridgewater has not received any payments on this account since the September 27, 2011 estoppel certificate was issued and interest and late fees have continued to accrue. The balance due on the account through April 2, 2013 is $16,058.57, which includes interest at the rate of eighteen percent (18.0%) per annun pursuant to Section 15.18 of the Declaration.

26. As a result of HUD's failure to pay the balance due on its account and commencement of the above-styled action, Bridgewater was required to retain Counsel and is obligated to pay a reasonable fee for services.

27. Bridgewater is entitled to recover attorney's fees pursuant to Article 15.18 of the Declaration and Florida Statute 720.305.

28. The notice requirement of Section 15.16 of the Declaration is clear and unambiguous. Failure to provide that notice prior to filing a foreclosure action was a breach of the subordination provision of the Declaration and the justification for issuance of the estoppel certificates attached hereto.

**UNDER PENALTY OF PERJURY, I HAVE READ THE FOREGOING DECLARATION AND STATE THAT THE FACTS HEREIN TO BE TRUE AND CORRECT UNDER 28 U.S.C. ' 1746 AND SECTION 92.525, FLORIDA STATUTES ON THIS 5th DAY OF APRIL, 2013.**

_____
Mark Spector, ~~President~~
Bridgewater Community Assoc.