UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No.: 8:12-cv-01087-JSM-TGW

BRIDGEWATER COMMUNITY
ASSOCIATION, INC.,
    Defendant.
_____/

## DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S RESOPNSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I. Inability to Prove Damages Fails to Create a Fact Question on Defendant's Entitlement to Summary Judgment on Liability or Declaratory Judgment as a Matter of Law.**

HUD asserts that the assessment amounts due create a factual dispute. However, it is improper to consider issues of damages at the summary judgment stage if not liquidated. A contract's interpretation is purely a legal question rather than a question of fact. Coda Roofing, Inc. v. Gemini Ins. Co., 2010 U.S. Dist. LEXIS 98708, citing Gen. Star Indem. Co. v. W. Fla. Village Inn, Inc., 874 So. 2d 26, 29 (Fla. 2nd DCA 2004). Plaintiff's arguments on damages are for a jury to resolve and do not raise issues of fact as to liability, nor affect questions of law regarding the declaratory judgment. "The possible existence of all of these potential elements of damage and the precise amount of each are questions to be resolved by the factfinder at trial. Their resolution at this stage would be both premature and unnecessary." Kurtz v. Young, 2009 U.S. Dist. LEXIS 44990 (S.D. Fla. 2009) (Summary judgment denied to extent based upon inability to prove damages). Issues pertaining to damages are irrelevant to a court's function in determining what the Declaration provides in this context as a matter of law. In addressing a summary judgment a court is to determine

whether a genuine issue for trial exists; not weigh evidence and make factual conclusions. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248; Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp., 2013 U.S. Dist. LEXIS 40347.

## II. USA/HUD's Contention that the Foreclosure Judgment Erased the Prior Assessments is Error, as § 720.3085, Fla. Stat. Cannot be Applied Retroactively.

A dependent covenant's breach amounts to a breach of the entire contract. CFBP, LLC v. U.S. Bank, 800 F. Supp. 2d 1169 (M.D. Fla. 2011), citing SEB, S.A. v. Sunbeam Corp., 148 F. App'x 774, 788 (11th Cir. 2005). "A covenant is dependent where it goes to the whole consideration of the contract; where it is such an essential part of the bargain that the failure of it must be considered destroying the entire contract or where it is such an indispensable part of what both parties intended that the contract would not have been made with the covenant omitted. Id. at 788. The parties intended that the HOA be provided notice before any foreclosure.

Plaintiff's reliance upon CFBP, LLC is misplaced, as *Section 15.16* of the Declaration tells HUD as a purchaser that "All amounts advanced on behalf of an owner pursuant to this Section shall be added to Assessments payable by such Owner with appropriate interest." The owner's liability as to pre-foreclosure assessments hinges upon the dependent covenant being satisfied by providing written notice of the foreclosure action, which HUD unquestionably failed to do. Regardless, USA contends in its declaratory judgment action that it is not liable for any assessments, whereas Defendant Bridgewater contends HUD is liable for all assessments both before and after the foreclosure action as owner.

In its response (pp. 5-6) Plaintiff also relies upon §720.3085(2)c to suggest only the 2011 annual assessment of $250 could survive the Foreclosure. However, the law did not include the safe harbor provision of §720.3085(2)c when the Foreclosure was filed in March of 2008, which

arguably would have obviated the purchaser's obligation for such prior liens. (*See*, §720.3085(2007), attached hereto as Exhibit "A"). Instead, the applicable statutory language provided that a lien for unpaid assessments has a priority where it existed prior to July 1, 2008. The Foreclosure action, <u>Wells Fargo Bank, NA. v. Michael P Gayda,</u> Case no 51-2008-cv-1844-ES, was filed on March 6, 2008, prior to the safe harbor provisions of the amendment to §720.3085 in July of 2008. Substantive changes in this law cannot be applied retroactively. <u>Bionetics Corp. v. Kenniasty,</u> 69 So. 3d 943 (Fla. 2011). Section 720.3085 (2007)(2)(a) dictates that "A parcel owner is jointly and severally liable with the previous parcel owner for all unpaid assessments that came due up to the time of transfer of title." Absent clear legislative intent to the contrary, "a law is presumed to operate prospectively." <u>Ramcharitar v. Derosins</u>, 35 So. 3d 94 (Fla. 3rd DCA 2010), citing <u>Old Port Cove Holdings, Inc. v. Old Port Cove Condo. Ass'n One</u>, 986 So. 2d 1279, 1284 (Fla. 2008).

Moreover, governing law when a contract is executed controls; not when the lawsuit is filed. <u>Menendez v. Progressive Express Ins. Co.</u>, 35 So. 3d 873 (Fla. 2010); <u>Hassen v. State Farm Mut. Auto. Ins. Co.</u>, 674 So. 2d 106, 108 (Fla. 1996) (Holding that the statute and its substantive rights that existed on the date the insurance policy was issued is controlling; not the law when suit was filed or the accident occurred); see also <u>Lumbermens Mut. Cas. Co. v. Ceballos</u>, 440 So. 2d 612, 613 (Fla. 3rd DCA 1983). The Florida legislature's 2007 amendment to Chapter 720 (HOA Statute), adding §720.3085(2), provided that "[a] parcel owner is jointly and severally liable with the previous parcel owner for all unpaid assessments that came due up to the time of transfer of title." Previously an HOA's recovery was limited to unpaid assessments chargeable to a prior owner if the underlying declaration provided for such liability. Additionally, as set forth in <u>Bay Holdings, Inc. v. 2000 Island Blvd. Condo. Ass'n</u>, 895 So. 2d 1197 (Fla. 3rd DCA 2005), the safe harbor provision of §718.116(1) (similar to that of §720.3085) applies to "mortgagees" and not

3

purchasers of title, such as USA/HUD. "Because the statute clearly and unambiguously affords this safe harbor only to first mortgagees or "a subsequent holder of the first mortgage," (emphasis supplied), we affirm. See, § 718.116(1), Fla. Stat."

### III. Despite Plaintiff's Contention, Defendant Has Offered Evidence of its Damages.

The Defendant HOA's President, Mark Spector, states in his Declaration (Par. 23) that: a) the estoppel certificate dated September 27, 2011, reflects all unpaid assessments and other charges, including interest, late fees, costs and reasonable attorney's fees assessed to the Property as of that date, as well as a transfer fee, capital contribution and release fee that would have been due upon conveyance of the property; and b) damages incurred are $16,058.27 as of April 2, 2013. Thus Defendant's President has specified a claim for damages suffered by Defendant. Plaintiff's response is devoid of any legal authority to challenge that Spector's Declaration fails to reflect damages incurred by Defendant. Furthermore, Section 15.13 of the Bridgewater Declaration (Exhibit C to USA response) and the estoppel certificate clearly establish evidence of the damages suffered.

Additionally, the Foreclosure action did not satisfy the Notice obligation found in the HOA Declaration. Said action was filed on March 6, 2008, yet Plaintiff misrepresents to this Court that the Notice of Lis Pendens was filed before this date (*See*, USA's Response, pg. 11). The Foreclosure action and Lis Pendens Notice were filed the same date. (*See*, Court Docket, attached hereto as Exhibit "B"). Regardless, Section 15.16 required written notice to Defendant prior to the Foreclosure action. Lis Pendens would not have satisfied such requisite notice had it occurred and there is no evidence that it was served or delivered to Defendant. The Court may only consider evidence that would be admissible at trial or is capable of being reduced to an admissible form at the summary judgment stage. Kurtz, 2009 U.S. Dist. LEXIS 44990; See, Rowell v. Bellsouth Corp., 433 F.3d 794, 800 (11th Cir. 2005); Macuba v. Deboer, 193 F.3d 1316,

4

1324-25 (11th Cir. 1999); <u>Adams v. Ameritech Services, Inc.</u>, 231 F.3d 414, 428 (7th Cir. 2000); <u>Pyles v. Johnson</u>, 136 F.3d 986, 990 (5th Cir. 1998). Defendant President's Declaration and the estoppel certificate are sufficient evidence of damages incurred by Defendant.

IV. <u>Plaintiff's Tortious Interference Claim.</u>

Plaintiff has failed to raise any questions of fact with regard to the requisite element: "an intentional and unjustified interference with the relationship by the defendant." Defendant relied upon its declarations in asserting a lien. Even assuming, *arguendo*, that pre-foreclosure liens were barred by the judgment, Defendant asserted further assessments and a valid lien with an estoppel certificate for all charges subsequent to the foreclosure action. Plaintiff failed to pay Defendant a single dollar to satisfy any part of the estoppel certificate and lien, including charges incurred subsequent to the Foreclosure judgment. As such, Defendant had a "justified" right to assert a lien, send the estoppel certificate and encumber the Property. Defendant acted in good faith and in reasonable reliance upon the applicable HOA Declaration. Therefore, no question of fact exists with regard to the above element that Plaintiff must prove and Defendant is entitled to Summary Judgment on Plaintiff's Tortious Interference claim.

"The gravamen of an action for tortious interference with a contractual relationship is the malicious interference by a third party, with a contract between other , whereby one contracting party is induced to breach the contract to the injury of the other." <u>Mariscotti v. Merco Group at Akoya, Inc.</u>, 917 So. 2d 890 (Fla. 3rd DCA 2005). Plaintiff contends it had a contractual relationship with a prospective purchaser of the Property and that Defendant intentionally interfered. Plaintiff's complaint is framed as a business relationship, but examining the complaint and allegations, Plaintiff contends that Defendant interfered with its relationship with the purchaser. As such, absent any question of fact regarding maliciousness and that Plaintiff cannot point to any such evidence in the record, Defendant is entitled to summary

5

judgment. A cause of action for tortious interference requires a showing of intent to damage the business relationship and a lack of justification to take the action. Smith v. Emery Air Freight Corp., 512 So. 2d 229 (Fla. 3rd DCA 1987). Protecting a company's own economic interest to reduce the risk of further loss fails to constitute the intent required of this cause of action. In re Gen. Plastics, Corp., 158 B.R. 258 (Bankr. S.D. Fla. 1993). Just as in Networkip, LLC v. Spread Enters., 922 So. 2d 355 (Fla. 3rd DCA 2006), Defendant was justified in sending its estoppel certificate. No tortious interference claim lies where a party acts within its contractual rights. Ethyl Corp. v. Balter, 386 So. 2d 1220, 1222 (Fla. 3rd DCA 1980).

Conclusion

Plaintiff's response to the summary judgment motion fails to address and/or rebut the legal arguments asserted by Defendant so as to create any question of fact or legal issue that would permit this case to move forward on Plaintiff's claims. Based upon the record in the instant action Defendant's motion for summary judgment should be granted.

WHEREFORE, Defendant/Counter-Plaintiff, Bridgewater Community Association, Inc. prays that its motion for summary judgment be granted in its entirety.

Respectfully Submitted,

/s/ Mitchell L. Feldman
MITCHELL L. FELDMAN
Florida Bar No.: 0080349
MFeldman@ffmlawgroup.com
**FELDMAN MORGADO P.A.**
501 North Reo Street
Tampa, Florida 33609
Tele: (813) 639-9366
Fax: (813) 639-9376
Attorneys for Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May 2013 a true and correct copy of the foregoing Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment was filed using the Court's CM/ECF electronic filing system, which will forward a Notice of this filing to all parties in interest.

/s/ Mitchell L. Feldman
MITCHELL L. FELDMAN
Florida Bar No.: 0080349

Exhibit A

Select Year: 2007 Go

# The 2007 Florida Statutes

| Title XL | Chapter 720 | View Entire Chapter |
|---|---|---|
| REAL AND PERSONAL PROPERTY | HOMEOWNERS' ASSOCIATIONS | |

**720.3085 Payment for assessments; lien claims.--**

(1) A parcel owner, regardless of how his or her title to property has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments that come due while he or she is the parcel owner. The parcel owner's liability for assessments may not be avoided by waiver or suspension of the use or enjoyment of any common area or by abandonment of the parcel upon which the assessments are made.

(2) A parcel owner is jointly and severally liable with the previous parcel owner for all unpaid assessments that came due up to the time of transfer of title. This liability is without prejudice to any right the present parcel owner may have to recover any amounts paid by the present owner from the previous owner.

(3) Assessments and installments on assessments that are not paid when due bear interest from the due date until paid at the rate provided in the declaration of covenants or the bylaws of the association, which rate may not exceed the rate allowed by law. If no rate is provided in the declaration or bylaws, interest accrues at the rate of 18 percent per year.

(a) If the declaration or bylaws so provide, the association may also charge an administrative late fee in an amount not to exceed the greater of $25 or 5 percent of the amount of each installment that is paid past the due date.

(b) Any payment received by an association and accepted shall be applied first to any interest accrued, then to any administrative late fee, then to any costs and reasonable attorney's fees incurred in collection, and then to the delinquent assessment. This paragraph applies notwithstanding any restrictive endorsement, designation, or instruction placed on or accompanying a payment. A late fee is not subject to the provisions of chapter 687 and is not a fine.

(4) A homeowners' association may not file a claim of lien against a parcel for unpaid assessments unless a written notice or demand for past due assessments as well as any other amounts owed to the association pursuant to its governing documents has been made by the association. The written notice or demand must:

(a) Provide the owner with 45 days to make payment for all amounts due, including, but not limited to, any attorney's fees and actual costs associated with the preparation and delivery of the written demand.

(b) Be sent by registered or certified mail, return receipt requested, and by first-class United States mail to the parcel owner at his or her last address as reflected in the records of the association, if the address is within the United States, and to the parcel owner subject to the demand at the address of the parcel if the

owner's address as reflected in the records of the association is not the parcel address. If the address reflected in the records is outside the United States, then sending the notice to that address and to the parcel address by first-class United States mail is sufficient.

(5) The association may bring an action in its name to foreclose a lien for unpaid assessments secured by a lien in the same manner that a mortgage of real property is foreclosed and may also bring an action to recover a money judgment for the unpaid assessments without waiving any claim of lien. Such action may not be brought until 45 days after the parcel owner has been provided notice of the association's intent to foreclose and collect the unpaid amount.

(a) The association may recover any reasonable attorney's fees incurred in a lien foreclosure action or in an action to recover a money judgment for the unpaid assessments.

(b) The association may purchase the parcel at the foreclosure sale and hold, lease, mortgage, or convey the parcel.

(6) If after service of a summons on a complaint to foreclose a lien the parcel is not the subject of a mortgage foreclosure or a notice of tax certificate sale, or the parcel owner is not a debtor in bankruptcy proceedings, the parcel owner may serve and file with the court a qualifying offer at any time before the entry of a foreclosure judgment. For purposes of this subsection, the term "qualifying offer" means a written offer to pay all amounts secured by the lien of the association plus interest accruing during the pendency of the offer at the rate of interest provided in this section. The parcel owner may make only one qualifying offer during the pendency of a foreclosure action.

(a) The parcel owner shall deliver a copy of the filed qualifying offer to the association's attorney by hand delivery or by certified mail, return receipt requested.

(b) The parcel owner's filing of the qualifying offer with the court stays the foreclosure action for the period stated in the qualifying offer, which may not exceed 60 days, to permit the parcel owner to pay the qualifying offer to the association plus any interest accruing during the pendency of the offer.

(c) The qualifying offer of the parcel owner must be in writing, be signed by the owner of the parcel and the spouse of the owner if the spouse holds a homestead interest in the parcel, be acknowledged by a notary public, state the total amount due the association, state that the total amount due the association is secured by the lien of the association, state that the association is entitled to foreclose the lien and obtain a foreclosure judgment for the total amount due if the parcel owner breaches the qualifying offer, state that the parcel owner will not endanger the priority of the lien of the association or the amounts secured by the lien, and state the actual date or dates the association will receive the total amount due from the parcel owner. If the parcel owner makes a qualifying offer under this subsection, the association may not add the cost of any legal fees incurred by the association within the period of the stay other than costs acquired in defense of a mortgage foreclosure action concerning the parcel, a bankruptcy proceeding in which the parcel owner is a debtor, or in response to filings by a party other than the association in the lien foreclosure action of the association.

(d) If the parcel owner breaches the qualifying offer, the stay shall be vacated and the association may proceed in its action to obtain a foreclosure judgment against the parcel and the parcel owners for the amount in the qualifying offer and any amounts accruing after the date of the qualifying offer.




Exhibit B

# Search by Case Number

🖨 PRINTABLE VERSION

**Basic Case Information**
| | |
|---|---|
| Case Name | WELLS FARGO VS M P GAYDA |
| Case # | 51-2008-CA-001844-CAAX-ES |
| Current Judge | SECTION J4 |
| Filing Type | Foreclosure On Real Property |
| Case Status | Closed |
| Filing Date | 3/6/2008 |
| Status Date | 2/16/2010 |

**Parties to this Case**
| Party Type | Party Name | Party Details |
|---|---|---|
| Defendant | ANY AND ALL UNKNOWN PARTIES | addr-atty-alias |
| Defendant | BRIDGEWATER COMMUNITY ASSOCIATION INCORPORATED | addr-atty-alias |
| Defendant | GAYDA KARIN A | addr-atty-alias |
| Defendant | GAYDA MICHAEL P | addr-atty-alias |
| Defendant | TENANT 1 | addr-atty-alias |
| Defendant | TENANT 2 | addr-atty-alias |
| Defendant | TENANT 3 | addr-atty-alias |
| Defendant | TENANT 4 | addr-atty-alias |
| Defendant | WELLS FARGO BANK NA | addr-atty-alias |
| Plaintiff | WELLS FARGO BANK NA | addr-atty-alias |
| Defendant | WELLS FARGO BANK NATIONAL ASSOCIATION | addr-atty-alias |

**Register of Actions**

| Event Date | Seq | Event |
|---|---|---|
| 5/26/2010 | 2 | CERTIF OF TITLE ISSUED TO: PLTF REC 052610 1 PG MLD 6; WELLS FARGO BANK NA |
| 5/26/2010 | 1 | CERTIFICATE OF DISBURSEMENTS 0.00 MLD 6; WELLS FARGO BANK NA |
| 5/10/2010 | 5007 | PMT:CA FR ONLINE SALES FEE; B121716; $27.00; WELLS FARGO BANK NA |
| 5/10/2010 | 5006 | PMT:DOCUMENTARY STAMPS; B121716; $490.70; WELLS FARGO BANK NA |
| 5/10/2010 | 2 | ASM:CA FR ONLINE SALES FEE; B121716; $27.00; WELLS FARGO BANK NA |
| 5/10/2010 | 1 | ASM:DOCUMENTARY STAMPS; B121716; $490.70; WELLS FARGO BANK NA |
| 4/13/2010 | 5005 | PMT:CA FORECLOSURE SALES; B119546; $70.00; WELLS FARGO BANK NA |
| 4/13/2010 | 2 | ASM:CA FORECLOSURE SALES; B119546; $70.00; WELLS FARGO BANK NA |
| 4/13/2010 | 1 | CERTIF SALE W/ATTACH PROOF PUB SOLD TO PL1 70100.00 MLD 6 |
| 3/29/2010 | 1 | PROOF OF PUBLICATION 120.00 |
| 3/25/2010 | 2 | NTC OF FILING BANKRUPTCY COURT ORDER GRANTING STAY |
| 3/25/2010 | 1 | NTC OF FILING COPY OF ASSIGNMENT OF MORTGAGE; WELLS FARGO BANK NA |
| 3/15/2010 | 1 | ONLINE AUCTION SCHEDULED 041310 |
| 3/11/2010 | 1 | NTC OF HEARING 032510 AT 1030AM |
| 3/10/2010 | 2 | LETTER TO PRESS NTC OF SALE GULF COAST BUSINESS REVIEW BEG 031910 |
| 3/10/2010 | 1 | NTC OF SALE 041310 |
| 2/16/2010 | 6 | FILING CLOSED FOR SRS |
| 2/16/2010 | 5 | UNIFORM FINAL JDMT FORECLOSURE 164,213.41 TEPPER 021210 REC 031110 7 PGS MLD 6; WELLS FARGO BANK NA |
| 2/16/2010 | 4 | FINAL DISPOSITION FORM |
| 2/16/2010 | 3 | MEMORANDUM OF LAW IN SUPPORT OF PLFS MOTION FOR FINAL SUMMARY JUDGMENT OF MORTGAGE FORECLOSURE; WELLS FARGO BANK NA |
| 2/16/2010 | 2 | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL SUMMARY JUDGMENT; WELLS FARGO BANK NA |
| 2/16/2010 | 1 | NTC OF FILING ATTACHED MOTION FOR RELIEF FROM STAY; WELLS FARGO BANK NA |
| 1/8/2010 | 1 | NTC OF HEARING 012710 AT 315PM |
| 12/2/2009 | 2 | AFF AS TO AMTS DUE AND OWING |
| 12/2/2009 | 1 | NTC OF FILING; WELLS FARGO BANK NA |
| 10/8/2009 | 1 | CASE REASSIGNED BY COURT REASSIGNED PER JUDGE BRAY MEMO 09/14/09 |
| 9/21/2009 | 1 | CERTIFICATE OF COMPLIANCE WITH FORECLOSURE PROCEDURES AMENDED |
| 8/24/2009 | 1 | ORDER GRANTING: LEAVE TO SUBSTITUTE PARTY DEF GARDNER 082409 SUBST DF 10 FOR DF 4 SENT TO REC 082609 2 PGS; WELLS FARGO BANK |
| 8/17/2009 | 1 | MTN TO SUBSTITUTE PLF/DEF; WELLS FARGO BANK NA |
| 2/13/2009 | 4 | NTC OF FILING ORIGINAL NOTE AND MORTGAGE; WELLS FARGO BANK NA |
| 2/13/2009 | 3 | AFF TO REASONABLE ATTY FEE; WELLS FARGO BANK NA |
| 2/13/2009 | 2 | AFF AS TO AMTS DUE AND OWING; WELLS FARGO BANK NA |
| 2/13/2009 | 1 | NTC OF FILING; WELLS FARGO BANK NA |
| 8/4/2008 | 4 | NTC OF VOLUNTARY DISMISSAL OF DEFS 3 AND 6 THRU 9 SENT TO REC 080808 2 PGS; WELLS FARGO BANK NA |
| 8/4/2008 | 3 | NTC OF VOLUNTARY DISMISSAL AS TO COUNT II RE-ESTABLISHMENT OF LOST NOTE SENT TO REC 080808 2 PGS; WELLS FARGO BANK NA |
| 8/4/2008 | 2 | AFF AS TO COSTS AND ATTYS FEES |
| 8/4/2008 | 1 | MTN FOR SUMMARY JDMT INCLUDING A HEARING TO TAX ATTYS FEES AND COSTS; WELLS FARGO BANK NA |
| 6/26/2008 | 1 | DEFAULT ENTERED DF1 DF2 AND DF5 |
| 6/24/2008 | 2 | MTN FOR DEFAULT ON: DF1 DF2 AND DF5; WELLS FARGO BANK NA |
| 6/24/2008 | 1 | AFF OF NON MILITARY SVC; WELLS FARGO BANK NA |
| 5/12/2008 | 2 | ANSWER - CIVIL AND REQUEST FOR NOTICE; WELLS FARBO BANK NA |
| 5/12/2008 | 1 | REQUEST FOR PRODUCTION; WELLS FARGO BANK NA |
| 5/6/2008 | 6 | SUMMONS RETURN UNSRVD:; TENANT 2 |

| | | |
|---|---|---|
| 5/6/2008 | 5 | SUMMONS RETURN UNSRVD:; TENANT 1 |
| 5/6/2008 | 4 | SUMMONS RETURN SRVD: 031008; BRIDGEWATER COMMUNITY ASSOCIATION INCORPORATED |
| 5/6/2008 | 3 | SUMMONS RETURN SRVD: 031008; WELLS FARBO BANK NA |
| 5/6/2008 | 2 | SUMMONS RETURN SRVD: 031008; GAYDA KARIN A |
| 5/6/2008 | 1 | SUMMONS RETURN SRVD: 031008; GAYDA MICHAEL P |
| 3/13/2008 | 2 | SUMMONS ISSUED AND RETURNED TO; GAYDA KARIN A |
| 3/13/2008 | 1 | SUMMONS ISSUED AND RETURNED TO ELISOR; GAYDA MICHAEL P |
| 3/11/2008 | 2 | ORDER APPT PROCESS SERVER BRAY 3/10/08 |
| 3/11/2008 | 1 | MTN TO APPT PROCESS SERVER; WELLS FARGO BANK NA |
| 3/7/2008 | 6 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; TENANT 2 |
| 3/7/2008 | 5 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; TENANT 1 |
| 3/7/2008 | 4 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; BRIDGEWATER COMMUNITY ASSOCIATION INCORPORATED |
| 3/7/2008 | 3 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; WELLS FARBO BANK NA |
| 3/7/2008 | 2 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; GAYDA KARIN A |
| 3/7/2008 | 1 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; GAYDA MICHAEL P |
| 3/6/2008 | 5004 | PMT:CA RECORDING DOC/ADDL NAME; N111125; $7.00; WELLS FARGO BANK NA |
| 3/6/2008 | 5003 | PMT:CA ADDITIONAL DEF OVER 5; N111125; $8.00; WELLS FARGO BANK NA |
| 3/6/2008 | 5002 | PMT:CA RECORD LIS PENDENS; N111125; $5.00; WELLS FARGO BANK NA |
| 3/6/2008 | 5001 | PMT:CA FF GENERAL; N111125; $255.00; WELLS FARGO BANK NA |
| 3/6/2008 | 8 | COMPLAINT:; WELLS FARGO BANK NA |
| 3/6/2008 | 7 | CIVIL COVER SHEET; WELLS FARGO BANK NA |
| 3/6/2008 | 6 | FILING OPENED FOR SRS |
| 3/6/2008 | 5 | NTC OF LIS PENDENS SENT TO RECORDING (1) PAGES ON 03/11/2008; WELLS FARGO BANK NA |
| 3/6/2008 | 4 | ASM:CA RECORDING DOC/ADDL NAME; N111125; $7.00; WELLS FARGO BANK NA |
| 3/6/2008 | 3 | ASM:CA ADDITIONAL DEF OVER 5; N111125; $8.00; WELLS FARGO BANK NA |
| 3/6/2008 | 2 | ASM:CA RECORD LIS PENDENS; N111125; $5.00; WELLS FARGO BANK NA |
| 3/6/2008 | 1 | ASM:CA FF GENERAL; N111125; $255.00; WELLS FARGO BANK NA |

Excellence...Always
Pasco County Clerk & Comptroller © 2013

# Paula S. O'Neil
## Clerk & Comptroller Pasco County Florida

[X CLOSE WINDOW]

## CIVIL - SEARCH BY CASE NUMBER

Basic Case Information

| | |
|---|---|
| Case Name | WELLS FARGO VS M P GAYDA |
| Case # | 51-2008-CA-001844-CAAX-ES |
| Current Judge | SECTION J4 |
| Filing Type | Foreclosure On Real Property |
| Case Status | Closed |
| Filing Date | 3/6/2008 |
| Status Date | 2/16/2010 |

Parties to this Case

| Party Type | Party Name | Party Details |
|---|---|---|
| Defendant | ANY AND ALL UNKNOWN PARTIES | addr-atty-alias |
| Defendant | BRIDGEWATER COMMUNITY ASSOCIATION INCORPORATED | addr-atty-alias |
| Defendant | GAYDA KARIN A | addr-atty-alias |
| Defendant | GAYDA MICHAEL P | addr-atty-alias |
| Defendant | TENANT 1 | addr-atty-alias |
| Defendant | TENANT 2 | addr-atty-alias |
| Defendant | TENANT 3 | addr-atty-alias |
| Defendant | TENANT 4 | addr-atty-alias |
| Defendant | WELLS FARGO BANK NA | addr-atty-alias |
| Plaintiff | WELLS FARGO BANK NA | addr-atty-alias |
| Defendant | WELLS FARGO BANK NATIONAL ASSOCIATION | addr-atty-alias |

Register of Actions

| Event Date | Seq | Event |
|---|---|---|
| 5/26/2010 | 2 | CERTIF OF TITLE ISSUED TO: PLTF REC 052610 1 PG MLD 6; WELLS FARGO BANK NA |
| 5/26/2010 | 1 | CERTIFICATE OF DISBURSEMENTS 0.00 MLD 6; WELLS FARGO BANK NA |
| 5/10/2010 | 5007 | PMT:CA FR ONLINE SALES FEE; B121716; $27.00; WELLS FARGO BANK NA |
| 5/10/2010 | 5006 | PMT:DOCUMENTARY STAMPS; B121716; $490.70; WELLS FARGO BANK NA |
| 5/10/2010 | 2 | ASM:CA FR ONLINE SALES FEE; B121716; $27.00; WELLS FARGO BANK NA |
| 5/10/2010 | 1 | ASM:DOCUMENTARY STAMPS; B121716; $490.70; WELLS FARGO BANK NA |
| 4/13/2010 | 5005 | PMT:CA FORECLOSURE SALES; B119546; $70.00; WELLS FARGO BANK NA |
| 4/13/2010 | 2 | ASM:CA FORECLOSURE SALES; B119546; $70.00; WELLS FARGO BANK NA |
| 4/13/2010 | 1 | CERTIF SALE W/ATTACH PROOF PUB SOLD TO PL1 70100.00 MLD 6 |
| 3/29/2010 | 1 | PROOF OF PUBLICATION 120.00 |
| 3/25/2010 | 2 | NTC OF FILING BANKRUPTCY COURT ORDER GRANTING STAY |
| 3/25/2010 | 1 | NTC OF FILING COPY OF ASSIGNMENT OF MORTGAGE; WELLS FARGO BANK NA |
| 3/15/2010 | 1 | ONLINE AUCTION SCHEDULED 041310 |
| 3/11/2010 | 1 | NTC OF HEARING 032510 AT 1030AM |
| 3/10/2010 | 2 | LETTER TO PRESS NTC OF SALE GULF COAST BUSINESS REVIEW BEG 031910 |
| 3/10/2010 | 1 | NTC OF SALE 041310 |
| 2/16/2010 | 6 | FILING CLOSED FOR SRS |
| 2/16/2010 | 5 | UNIFORM FINAL JDMT FORECLOSURE 164,213.41 TEPPER 021210 REC 031110 7 PGS MLD 6; WELLS FARGO BANK NA |

| Date | # | Description |
|---|---|---|
| 2/16/2010 | 4 | FINAL DISPOSITION FORM |
| 2/16/2010 | 3 | MEMORANDUM OF LAW IN SUPPORT OF PLFS MOTION FOR FINAL SUMMARY JUDGMENT OF MORTGAGE FORECLOSURE; WELLS FARGO BANK NA |
| 2/16/2010 | 2 | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL SUMMARY JUDGMENT; WELLS FARGO BANK NA |
| 2/16/2010 | 1 | NTC OF FILING ATTACHED MOTION FOR RELIEF FROM STAY; WELLS FARGO BANK NA |
| 1/8/2010 | 1 | NTC OF HEARING 012710 AT 315PM |
| 12/2/2009 | 2 | AFF AS TO AMTS DUE AND OWING |
| 12/2/2009 | 1 | NTC OF FILING; WELLS FARGO BANK NA |
| 10/8/2009 | 1 | CASE REASSIGNED BY COURT REASSIGNED PER JUDGE BRAY MEMO 09/14/09 |
| 9/21/2009 | 1 | CERTIFICATE OF COMPLIANCE WITH FORECLOSURE PROCEDURES AMENDED |
| 8/24/2009 | 1 | ORDER GRANTING: LEAVE TO SUBSTITUTE PARTY DEF GARDNER 082409 SUBST DF 10 FOR DF 4 SENT TO REC 082609 2 PGS; WELLS FARGO BANK NA |
| 8/17/2009 | 1 | MTN TO SUBSTITUTE PLF/DEF; WELLS FARGO BANK NA |
| 2/13/2009 | 4 | NTC OF FILING ORIGINAL NOTE AND MORTGAGE; WELLS FARGO BANK NA |
| 2/13/2009 | 3 | AFF TO REASONABLE ATTY FEE; WELLS FARGO BANK NA |
| 2/13/2009 | 2 | AFF AS TO AMTS DUE AND OWING; WELLS FARGO BANK NA |
| 2/13/2009 | 1 | NTC OF FILING; WELLS FARGO BANK NA |
| 8/4/2008 | 4 | NTC OF VOLUNTARY DISMISSAL OF DEFS 3 AND 6 THRU 9 SENT TO REC 080808 2 PGS; WELLS FARGO BANK NA |
| 8/4/2008 | 3 | NTC OF VOLUNTARY DISMISSAL AS TO COUNT II RE-ESTABLISHMENT OF LOST NOTE SENT TO REC 080808 2 PGS; WELLS FARGO BANK NA |
| 8/4/2008 | 2 | AFF AS TO COSTS AND ATTYS FEES |
| 8/4/2008 | 1 | MTN FOR SUMMARY JDMT INCLUDING A HEARING TO TAX ATTYS FEES AND COSTS; WELLS FARGO BANK NA |
| 6/26/2008 | 1 | DEFAULT ENTERED DF1 DF2 AND DF5 |
| 6/24/2008 | 2 | MTN FOR DEFAULT ON: DF1 DF2 AND DF5; WELLS FARGO BANK NA |
| 6/24/2008 | 1 | AFF OF NON MILITARY SVC; WELLS FARGO BANK NA |
| 5/12/2008 | 2 | ANSWER - CIVIL AND REQUEST FOR NOTICE; WELLS FARBO BANK NA |
| 5/12/2008 | 1 | REQUEST FOR PRODUCTION; WELLS FARGO BANK NA |
| 5/6/2008 | 6 | SUMMONS RETURN UNSRVD:; TENANT 2 |
| 5/6/2008 | 5 | SUMMONS RETURN UNSRVD:; TENANT 1 |
| 5/6/2008 | 4 | SUMMONS RETURN SRVD: 031008; BRIDGEWATER COMMUNITY ASSOCIATION INCORPORATED |
| 5/6/2008 | 3 | SUMMONS RETURN SRVD: 031008; WELLS FARBO BANK NA |
| 5/6/2008 | 2 | SUMMONS RETURN SRVD: 031008; GAYDA KARIN A |
| 5/6/2008 | 1 | SUMMONS RETURN SRVD: 031008; GAYDA MICHAEL P |
| 3/13/2008 | 2 | SUMMONS ISSUED AND RETURNED TO; GAYDA KARIN A |
| 3/13/2008 | 1 | SUMMONS ISSUED AND RETURNED TO ELISOR; GAYDA MICHAEL P |
| 3/11/2008 | 2 | ORDER APPT PROCESS SERVER BRAY 3/10/08 |
| 3/11/2008 | 1 | MTN TO APPT PROCESS SERVER; WELLS FARGO BANK NA |
| 3/7/2008 | 6 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; TENANT 2 |
| 3/7/2008 | 5 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; TENANT 1 |
| 3/7/2008 | 4 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; BRIDGEWATER COMMUNITY ASSOCIATION INCORPORATED |
| 3/7/2008 | 3 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; WELLS FARBO BANK NA |
| 3/7/2008 | 2 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; GAYDA KARIN A |
| 3/7/2008 | 1 | SUMMONS ISSUED AND RETURNED TO PROCESS SERVER; GAYDA MICHAEL P |
| 3/6/2008 | 5004 | PMT:CA RECORDING DOC/ADDL NAME; N111125; $7.00; WELLS FARGO BANK NA |
| 3/6/2008 | 5003 | PMT:CA ADDITIONAL DEF OVER 5; N111125; $8.00; WELLS FARGO BANK NA |
| 3/6/2008 | 5002 | PMT:CA RECORD LIS PENDENS; N111125; $5.00; WELLS FARGO BANK NA |
| 3/6/2008 | 5001 | PMT:CA FF GENERAL; N111125; $255.00; WELLS FARGO BANK NA |
| 3/6/2008 | 8 | COMPLAINT:; WELLS FARGO BANK NA |
| 3/6/2008 | 7 | CIVIL COVER SHEET; WELLS FARGO BANK NA |
| 3/6/2008 | 6 | FILING OPENED FOR SRS |

| Date | # | Description |
|---|---|---|
| 3/6/2008 | 5 | NTC OF LIS PENDENS SENT TO RECORDING (1) PAGES ON 03/11/2008; WELLS FARGO BANK NA |
| 3/6/2008 | 4 | ASM:CA RECORDING DOC/ADDL NAME; N111125; $7.00; WELLS FARGO BANK NA |
| 3/6/2008 | 3 | ASM:CA ADDITIONAL DEF OVER 5; N111125; $8.00; WELLS FARGO BANK NA |
| 3/6/2008 | 2 | ASM:CA RECORD LIS PENDENS; N111125; $5.00; WELLS FARGO BANK NA |
| 3/6/2008 | 1 | ASM:CA FF GENERAL; N111125; $255.00; WELLS FARGO BANK NA |